FILED BY _____ D.C.

05 OCT 21 PM 4:58

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | No. <u>05-20211 D/P</u> |
| JOHN SIMMONS, ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Before the court is Defendant John Simmons's Petition for Examination Pursuant to 18 U.S.C. § 4241, filed on June 9, 2005 (dkt #11). Plaintiff United States of America does not oppose Simmons's petition. The matter was referred to the United States Magistrate Judge on June 17, 2005. On October 20, the court conducted a mental competency hearing on this petition pursuant to 18 U.S.C. §§ 4241 and 4247. Present were the defendant and counsel for all interested parties. For the following reasons, the court recommends that Simmons be hospitalized in a suitable facility so that he may receive treatment in an attempt to restore him to competency.

John Simmons was indicted on June 2, 2005, for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and for possessing a firearm not registered to him in the National

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on __10-24-05__

(30)

Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. Pursuant to 18 U.S.C. § 4241 and upon his own petition, the court ordered Simmons to submit to an examination to determine whether Simmons is competent to stand trial on these charges.

Simmons was designated to the Metropolitan Correctional Center in Chicago, Illinois, on June 9 and arrived at the institution on July 13, 2005, where he was subjected to a six-part clinical psychiatric evaluation by Dr. Michelle Hoy-Watkins.[1] Dr. Hoy-Watkins identified Simmons as unable to retain information and found that "[p]sychological test results . . . suggest [that Simmons suffers from] significant cognitive impairment." (Forensic Rep. at 6). Simmons was thereby diagnosed as suffering from antisocial personality disorder and a cognitive disorder not otherwise specified. Id. at 7.

In order to ascertain whether he is competent to stand trial, Simmons was questioned as to the charges levied against him in the indictment, the possible consequences he would face if he were found guilty, and the roles and responsibilities of various actors

---

[1] The clinical evaluation consisted of the following: (1) Clinical interviews and Mental Status Examinations; (2) COGNISTAT (The Neurobehavioral Cognitive Status Examination); (3) MacArthur Competence Assessment Tool – Criminal Adjudication (MAC-CAT-CA); (4) Minnesota Multiphasic Personality Inventory – 2nd Edition (MMPI-2); (5) Test of Nonverbal Intelligence – 3rd Edition (TONI-3); and (6) Wechsler Memory Scale – 3rd Edition Abbreviated (WMS-III). (Forensic Rep. at 2).

that could potentially take part in the legal proceedings against him. Id. at 7-9. As Simmons was unable to engage in extended discussions regarding his case, had difficulty grasping legal terminology, and had shown an inability to retain information over long periods of time, Dr. Hoy-Watkins concluded that Simmons "would experience profound difficulty comprehending the legal proceedings." Id. at 8. Dr. Hoy-Watkins opined that Simmons is not competent to stand trial, reasoning:

> The issue of Mr. Simmons' competency to proceed to criminal adjudication is predicated on whether he suffers from a severe mental disease or defect, the result of which he is unable to understand the legal proceedings or to properly assist in his defense. At the present time, Mr. Simmons does appear to evidence signs of significant cognitive defects. His ability to assist in his defense or to understand the legal proceedings appears to be noticeably impaired at this time.

Id. at 9. Dr. Hoy-Watkins concluded that in order to render Simmons competent to stand trial, he may benefit from an "intensive competency restoration intervention" that "would be best accomplished on an individual basis rather than group therapy." Id.

At the October 20 competency hearing, both parties stipulated to Dr. Hoy-Watkins's findings and her opinion that Simmons is incompetent to stand trial. Both parties joined in asking the court to order Simmons hospitalized in order to initiate the restoration process. In light of Dr. Hoy-Watkins's forensic report, and the entire record in this case, this court submits

-3-

that, by a preponderance of the evidence, Mr. Simmons is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. This court recommends that Simmons be committed to the custody of the Attorney General and hospitalized for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed. 18 U.S.C. § 4241(d)(1) (2000).

Respectfully Submitted.

_____
TU M. PHAM
United States Magistrate Judge

October 21, 2005
Date

**NOTICE**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN TEN (10) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 30 in case 2:05-CR-20211 was distributed by fax, mail, or direct printing on October 24, 2005 to the parties listed.

---

April Rose Goode
FEDERAL PUBLIC DEFENDER
200 Jefferson Ave.
Ste. 200
Memphis, TN 38103

Stephen P. Hall
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT