```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```
_____

|                              )
**UNITED STATES OF AMERICA,**     )
                              )
    **Plaintiff,**             )
                              )
**vs.**                           )     No. <u>05-20211 D/P</u>
                              )
**JOHN SIMMONS,**                 )
                              )
    **Defendant.**            )
                              )

_____

                       **REPORT AND RECOMMENDATION**
_____

    Before the court is the Director's Certificate of Restoration of Competency to Stand Trial as to John Simmons, filed June 26, 2006 (dkt #39).  On July 26, 2006, Simmons appeared before the court for a hearing on defendant's competency to stand trial. Present were counsel for both parties and the defendant.  For the reasons below, the court submits that Simmons is competent to stand trial.

                  **I.   PROPOSED FINDINGS OF FACT**

    John Simmons was indicted on June 2, 2005, for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and for possessing a firearm not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871.  On June 9, 2005, upon motion of defendant's counsel pursuant to 18 U.S.C. § 4241, the court ordered

Simmons to submit to a mental examination to determine whether he is competent to stand trial on these charges.

Simmons was designated to the Metropolitan Correctional Center in Chicago, Illinois, on June 9, and arrived at the institution on July 13, 2005, where he was subjected to a six-part clinical psychiatric evaluation by Dr. Michelle Hoy-Watkins.  Dr. Hoy-Watkins identified Simmons as unable to retain information and found that "[p]sychological test results . . . suggest [that Simmons suffers from] significant cognitive impairment." (Forensic Rep. at 6).  Dr. Hoy-Watkins opined that Simmons was not presently competent to stand trial, reasoning:

> The issue of Mr. Simmons' competency to proceed to criminal adjudication is predicated on whether he suffers from a severe mental disease or defect, the result of which he is unable to understand the legal proceedings or to properly assist in his defense.  At the present time, Mr. Simmons does appear to evidence signs of significant cognitive defects.  His ability to assist in his defense or to understand the legal proceedings appears to be noticeably impaired at this time.

Id. at 9.  Dr. Hoy-Watkins concluded that in order to render Simmons competent to stand trial, he may benefit from an "intensive competency restoration intervention" that "would be best accomplished on an individual basis rather than group therapy." Id.

On October 20, 2005, the court conducted a mental competency hearing on this petition pursuant to 18 U.S.C. §§ 4241 and 4247.  At the hearing, both parties stipulated to Dr. Hoy-Watkins's

findings and her opinion that Simmons is presently incompetent to stand trial. Both parties joined in asking the court to order Simmons hospitalized in order to initiate the restoration process. A report and recommendation was submitted to the District Judge, in which the court found that Simmons was incompetent and recommended that he be committed to the custody of the Attorney General in order to restore him to competency. On January 12, 2006, the District Judge adopted the report and recommendation, and ordered Simmons committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d) for psychiatric treatment.

On February 1, 2006, Simmons was admitted to the Mental Health Unit at the Federal Medical Center in Butner, North Carolina, where he was evaluated individually by Drs. Adeire L. Stribling and Edward E. Landis. Forensic Evaluation at 1-2. Staff Psychiatrist Dr. Ralph Newman performed psychiatric consultation with Simmons, and Dr. Eugene Gourley administered neuropsychological testing. Id. at 2.

Simmons was evaluated over the course of a four-month period until his discharge on May 31, 2006. Drs. Stribling, Landis, Newman, and Gourley summarized the findings of their psychological and neuropsychological testing as follows:

> Overall, Mr. Simmons' pattern of cognitive deficits reflect developmental learning problems and acquired memory deficits. Mr. Simmons career as a boxer result[ed] in repeated brain trauma which reportedly had negative[ly] affected speech is the most likely etiology for the severity of his current memory deficits. Mr.

-3-

> Simmons also reported a history of alcohol use and fighting while intoxicated which may have resulted in additional brain injury. Long-term alcohol or drug use may also contribute to cognitive dysfunction. Diagnostically, Mr. Simmons is diagnosed with Borderline Intellectual Functioning to reflect the developmental learning and cognitive problems. A specific learning disability such as dyslexia may also be present and would require access to school records and additional academic testing to rule out. Cognitive Disorder, NOS is also noted to reflect the significant problems with encoding information to memory noted on testing.

Id. at 13.

Drs. Stribling, Landis, Newman, and Gourley concluded, however, that Simmons is competent to stand trial:

> Mr. Simmons knows the allegations against him and understands the significance of these charges, to include the possible penalties if convicted. He is aware of the pleas available to him and the implications of each. He has a general understanding of the adversarial nature of criminal law, and verbalizes an accurate understanding of criminal process, procedural protections of his rights, and the roles of courtroom personnel. Mr. Simmons is motivated and capable of assisting in planning his own defense. His current functioning is such that he could aid in challenging adverse witnesses, attend to courtroom procedures, and testify if necessary. He is able to conform his behavior to courtroom protocol. In our opinion he is competent to stand trial at this time.

Id. at 14. Following Simmons's discharge on May 31, the Federal Medical Center filed a Certificate of Restoration of Competency to Stand Trial as to John Simmons with the court on June 26.

A hearing on the issue of Simmons's competency was set for July 5, 2006. At the hearing, counsel for Simmons requested a continuance to give her an opportunity to obtain certain school records on Simmons, which counsel wished to make a part of the

record. This request was granted, and the hearing was reset to July 19, 2006. At the July 19 hearing, counsel requested a resetting of the hearing because she had not yet obtained the school records. The court reset the hearing to July 26, 2006.

On July 26, Simmons appeared before the court for the hearing. During the hearing, the court admitted Simmons's school records as an exhibit under seal. Counsel for Simmons stated that she did not object to the opinion expressed by Drs. Stribling, Landis, Newman, and Gourley that Simmons is competent to stand trial.

## II.  PROPOSED CONCLUSIONS OF LAW

A defendant is competent to stand trial if he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . [and] a rational as well as factual understanding of the proceedings against him." Cooper v. Oklahoma, 517 U.S. 348, 354 (1996). Title 18 U.S.C. § 4241(a) provides the standards for evaluating a defendant's competency to stand trial: a criminal defendant must be able both (1) "to understand the nature and consequences of the proceedings against him" and (2) "to assist properly in his defense." 18 U.S.C. § 4241(a); see also United States v. Timmins, 301 F.3d 974, 980 (9th Cir. 2002) (describing § 4241 as setting out a "two-pronged approach"). Section 4241 authorizes the court to require the defendant to submit to a psychological evaluation prior to the competency hearing. 18 U.S.C. § 4241(b)-(d). If a defendant is found to be

not competent, the court can order additional treatment if the court finds that there is a substantial probability that the defendant will attain the capacity to permit the trial to proceed. 18 U.S.C. § 4241(d)(2)(A)-(B).

Subsection (e) sets forth the procedures to be followed when the director of the facility in which a defendant is hospitalized concludes that the defendant has been restored to competency:

> When the director of the facility in which a defendant is hospitalized pursuant to subsection (d) determines that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment. The clerk shall send a copy of the certificate to the defendant's counsel and to the attorney for the Government. The court shall hold a hearing, conducted pursuant to the provisions of section 4247(d), to determine the competency of the defendant. If, after the hearing, the court finds by a preponderance of the evidence that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the court shall order his immediate discharge from the facility in which he is hospitalized and shall set the date for trial.

18 U.S.C. § 4241(e).

Based upon the entire record, and by a preponderance of the evidence, the court submits that Simmons has recovered to such an extent that he is now able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. The forensic evaluation demonstrates that Simmons is communicative and cooperative. Forensic Evaluation at 3-4, 8.

Importantly, Simmons appears to understand the charges levied against him in this case and is capable of assisting in his own defense. Drs. Stribling, Landis, Newman, and Gourley found that Simmons is "well aware of the essential features of his charges, to include being charged with illegally possessing a weapon" and that he could recall interacting with his counsel. Id. at 4. Simmons also expressed a desire to defend himself in this case, explaining that he is "trying to get evidence and [find out about] witnesses against me – Trying to get background on the [witnesses] and see if they've had charges." Id. at 8. At the July 26 competency hearing, counsel for Simmons did not oppose the findings and conclusions of Drs. Stribling, Landis, Newman, and Gourley. In particular, counsel for Simmons did not object to the evaluators' opinion that Simmons is competent to stand trial.

### III. CONCLUSION

The court submits that Simmons is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, and is therefore competent to stand trial.[1]

Respectfully submitted,

---

[1] The court, upon a finding of competency following a defendant's hospitalization for treatment, shall "order [the defendant's] immediate discharge from the facility in which he is hospitalized and [to] set the date for trial." 18 U.S.C. § 4241(e). Simmons has already been released from the Federal Medical Center's custody, and trial has been set for August 24, 2006.

```
                                    s/ Tu M. Pham
                                    _____
                                    TU M. PHAM
                                    United States Magistrate Judge


                                    July 31, 2006
                                    _____
                                    Date
```

**NOTICE**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN TEN (10) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**